UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GYLE DEL RIO, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-467-JD-MGG |
| LAPORTE COUNTY SHERIFF'S DEPT, et al., | |
| Defendants. | |

OPINION AND ORDER

Gyle Del Rio, a prisoner without a lawyer, filed an amended complaint. ECF 32. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Del Rio was incarcerated at the LaPorte County Jail during the events in question. ECF 1 & ECF 32. He has since been transferred to the Westville Correctional Facility. ECF 27. Del Rio was arrested and booked into the LaPorte County Jail on October 14, 2019. At that time, the jail and medical staff visually noted his swollen right

hand and ordered an x-ray. The x-ray was performed the next day,[1] and both the radiologist, Kevin Schlegel, and Eric Tchaptchet, M.D., determined there was no evidence of any fractures or dislocations. *See* ECF 32-1 at 6 (radiology report noting "No evidence of fracture or dislocation. Joint spaces are normal. No erosive changes. No aggressive osseous lesions. Typical soft tissue senescent changes. Conclusion: No acute osseous abnormality."). A couple of weeks later, Dr. Tchaptchet evaluated Del Rio's hand again and had him perform several range-of-motion tests. Del Rio complained of pain, but Dr. Tchaptchet told him the x-ray showed no significant injury, so he was given an ace bandage.

Del Rio claims he then made "all staff" at the Jail aware of his injury by consistently complaining by "all modes" both verbally and via medica request forms. ECF 32 at 3. Specifically, he alleges the nurses listed as defendants—Melissa Edson, Sandra Allen, Alicia Wilson, Mary Shepard, Christina Miller, Mary Montgomery, Sabrina Dini, Cheryl Strahle, and Stephenie Jones—were personally made aware of his complaints of pain in his right hand twice a day during medication passes depending on their schedules. He claims he made these same complaints to Deputies Minich and Burnhardt daily. They allegedly ignored his complaints of pain and visible disfigurement; instead, they told him there was nothing they could do because the x-

---

[1] The dates in the medical reports and as alleged by Del Rio in his amended complaint differ slightly in some instances. For purposes of this order only, the court will use the dates Del Rio has provided.

rays came back negative. Del Rio alleges this occurred for seven months before he was finally taken to an outside physician.

On May 6, 2020, Del Rio was transported to Lake Shore Bone and Joint in Michigan City, IN, and he was evaluated by Dr. Yahuaca. *See generally* ECF 32-1 at 2–5. He was given another x-ray and was diagnosed with a prior fracture/dislocation of his right wrist. Dr. Yahuaca told him he would need specialized surgery in order to repair it. He recommended "conservative management" in the interim including a brace and anti-inflammatory medication plus acetaminophen as needed for pain. *Id*. at 5. On June 6, 2020, Del Rio was again transported to an outside facility, this time to the Lake Michigan Hand Center in Michigan City, IN. He was evaluated by Dr. Berry. *See generally id*. at 10–11. He was given another x-ray and diagnosed with a prior fracture/dislocation and ligament damage to his right hand and wrist. According to Del Rio, Dr. Berry informed him surgery was recommended because of the seven-month delay in treatment he had experienced. Dr. Berry advised him that he could "wait to have surgery & deal w/the pain because the injury was fully healed thus the reason for the disfiguration were the metacarpals are displaced." ECF 32 at 5. Del Rio decided to wait for surgery since he believed he could get better care outside of the LaPorte County Jail. Del Rio states he is now working with the Indiana Department of Correction to schedule the surgery. He has sued the defendants for compensatory and punitive damages.

Because Del Rio was a pretrial detainee at the time of the events in question, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352

(7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Del Rio the inferences to which he is entitled at this stage, he has stated plausible Fourteenth Amendment claims against the named nurses and deputies. He alleges he repeatedly informed them—both in person and via medical request—that he was in severe pain due to his injury but they ignored his requests for help entirely. They neither passed along his requests for reevaluation to the doctor nor provided him with any type of pain relief for seven months. *See e.g. McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (noting that delaying treatment can violate the Constitution if it

4

"unnecessarily prolonged an inmate's pain"). He will be permitted to proceed past the pleading stage against these defendants on claims for monetary damages under the Fourteenth Amendment.

As for Dr. Tchaptchet and Radiologist Schlegel, Del Rio claims they "misdiagnosed" his fracture which "play[ed] a role in preventing future care." ECF 32 at 7. He says the nurses and deputies should have "relay[ed] information to Dr. right away if they suspect a medical mistake/misdiagnosis" may have been made. *Id.* at 8. Based on these factual allegations, it cannot be inferred that either doctor was personally aware of Del Rio's continued and repeated complaints of pain in the seven months following the initial x-ray. Accordingly, the court cannot plausibly infer their actions—ordering and performing an x-ray and providing only an ace bandage after the results showed no fracture or other abnormality—were objectively unreasonable under the circumstances, or that they acted purposefully, knowingly, or recklessly with respect to the risk of harm. *Gonzalez*, 40 F.4th at 828; *see also Brown v. Osmundson*, 38 F.4th 545, 553 (7th Cir. 2022) ("[M]edical malpractice is not a constitutional violation."). The claims against Dr. Tchaptchet and Radiologist Schlegel will be dismissed.

Finally, Del Rio alleges Quality Correctional Care, LaPorte County, and the LaPorte County Sheriff's Department "portrayed systemic deficiencies in staffing, faculties, or procedures which made unnecessary suffering inevitable, the electronic system for reporting non-emergency medical requests failed per handbook policy, by not receiving correct treatment for (7) months." ECF 32 at 6. He claims the "[s]taff was deficient by sheer amount of nurses, officers, drs, ect. . . overlooking or deliberately

5

disregarding my injured rt. hand." *Id*. There is no *respondeat superior* liability under 42 U.S.C. § 1983, which means neither Quality Corrections Care nor the county defendants can be held liable solely because they employed staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company providing medical care at a county jail and municipalities themselves can be sued under 42 U.S.C. § 1983 for constitutional violations as described in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, such entities cannot be held liable for the unconstitutional acts of their employees unless the plaintiff shows "the violation was caused by (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *see also Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell*, 987 F.3d at 654 (7th Cir. 2021); *see also Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (*Monell* requires a plaintiff to show that an official policy "was the 'moving force' behind his constitutional injury"). Here, Del Rio complains about the individual decisions and/or lack of action of the medical staff who treated him and the deputies involved in his care. However, he does not connect their decisions to an official policy or custom of their employer. He vaguely mentions understaffing but then goes on to acknowledge there was a "sheer amount" of employees who failed to properly respond to his needs. He also mentions the electronic reporting system but acknowledges it failed not *because of* an unnamed handbook policy

6

but despite it. These allegations are insufficient. Because Del Rio hasn't plausibly alleged there was a policy, practice, or custom maintained by these defendants that acted as the moving force behind his constitutional injury, he may not proceed against them on a claim for money damages.[2]

For these reasons, the court:

(1) GRANTS Gyle Del Rio leave to proceed against Nurse Melissa Edson, Nurse Sandra Allen, Nurse Alicia Wilson, Nurse Mary Shephard, Nurse Christina Miller, Nurse Mary Montgomery, Nurse Sabrina Dini, Nurse Cheryl Strahle, Nurse Stephenie Jones, Deputy Minich, and Deputy Burnhardt in their individual capacities for compensatory and punitive damages for denying Gyle Del Rio constitutionally adequate medical care by ignoring his complaints of pain and disfigurement related to his right hand from October 14, 2019, to June 2, 2020, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the Laporte County Sheriff's Department, LaPorte County, Quality Correctional Care, Dr. Eric Tchaptchet, and Radiologist Kevin Schlegel;

---

[2] The court notes that Del Rio has brought the same medical claims in several previous lawsuits. *See Del Rio v. LaPorte County Sheriff's Dept. et. al*, filed May 11. 2020, cause no. 3:20-CV-383-RLM-MGG (dismissed without prejudice on Oct. 6, 2020, for failure to exhaust administrative remedies decided on summary judgment); *Del Rio v. LaPorte County Sheriff's Dept., et. al*, filed Sept. 17, 2020, cause no. 3:20-CV-784-JD-MGG (dismissed without prejudice at the screening stage for failure to exhaust administrative remedies because Del Rio claimed he was "currently" pursuing the grievance process described in the prior lawsuit); *Del Rio v. Dr. Tchaptchet, et. al*, filed Nov. 4, 2020, cause no. 3:20-CV-941-JD-MGG (dismissed with prejudice as duplicative and frivolous because he was still proceeding on the prior lawsuit at the time the complaint was filed). Although it appears there may be issues of exhaustion related to the current case, it is not clear from the face of the complaint. Therefore, the court will allow the suit to proceed, and the defendants may raise the issue of exhaustion in their answer if they so choose.

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Melissa Edson, Nurse Sandra Allen, Nurse Alicia Wilson, Nurse Mary Shephard, Nurse Christina Miller, Nurse Mary Montgomery, Nurse Sabrina Dini, Nurse Cheryl Strahle, and Nurse Stephenie Jones at Quality Correctional Care, LLC, and Deputy Minich, and Deputy Burnhardt at the LaPorte County Jail, with a copy of this order and the complaint (ECF 32);

(5) ORDERS Quality Correctional Care, LLC, and the LaPorte County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Melissa Edson, Nurse Sandra Allen, Nurse Alicia Wilson, Nurse Mary Shephard, Nurse Christina Miller, Nurse Mary Montgomery, Nurse Sabrina Dini, Nurse Cheryl Strahle, Nurse Stephenie Jones, Deputy Minich, and Deputy Burnhardt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 12, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT