UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GYLE DEL RIO,

    Plaintiff,

    v.       CAUSE NO. 3:21-CV-467-JD-MGG

MELISSA EDSON, et al.,

    Defendants.

OPINION AND ORDER

Gyle Del Rio, a prisoner without a lawyer, is proceeding in this case "against Nurse Melissa Edson, Nurse Sandra Allen, Nurse Alicia Wilson, Nurse Mary Shephard, Nurse Christina Miller, Nurse Mary Montgomery, Nurse Sabrina Dini, Nurse Cheryl Strahle, Nurse Stephenie Jones, Deputy Minich, and Deputy Burnhardt in their individual capacities for compensatory and punitive damages for denying Gyle Del Rio constitutionally adequate medical care by ignoring his complaints of pain and disfigurement related to his right hand from October 14, 2019, to June 2, 2020, in violation of the Fourteenth Amendment[.]" ECF 34 at 7. The defendants filed a motion for summary judgment, arguing Del Rio did not exhaust his administrative remedies before filing this lawsuit. ECF 54. Del Rio filed a response, and the defendants filed a reply. ECF 91, 92, 93, 97. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

The defendants provide an affidavit from Captain Al Ott, the Assistant Jail Commander at the LaPorte County Jail, who attests to the following facts: During all relevant times, an Offender Grievance Process was in place at the LaPorte County Jail. ECF 55-3 at 1. The Offender Grievance Process consists of four steps: (1) an informal attempt at resolution; (2) a formal grievance; (3) a Level I appeal to the Assistant Jail Commander; and (4) a Level II appeal to the Jail Commander. *Id.* at 2-3. Captain Ott attests that Del Rio's records show he never filed any formal grievance regarding medical treatment for his hand. *Id.* at 3-4.

At the outset, it should be noted Del Rio has raised similar claims in at least two prior lawsuits, and the claims were dismissed in both cases because Del Rio had not exhausted his administrative remedies. Specifically, in *Del Rio v. LaPorte County Sheriffs Dep't, et al.*, cause no. 3:20-CV-383-RLM-MGG (N.D. Ind. May 11, 2020), Del Rio brought a claim alleging he was denied adequate treatment for his hand at LaPorte County Jail, which the court dismissed after concluding Del Rio had not exhausted any formal grievance. *Id.* at ECF 32. Similarly, in *Del Rio v. LaPorte County Sheriffs Dep't, et al.*, cause no. 3:20-cv-784-JD-MGG, Del Rio brought another claim alleging he was denied

3

adequate treatment for his hand at LaPorte County Jail, which the court dismissed in March 2021 after Del Rio conceded he "was in the process" of pursuing a grievance. *Id.* at ECF 7, 8.

With his amended complaint, Del Rio provides evidence he filed a grievance on April 1, 2021, complaining he had received inadequate medical care for his right hand ("April 1 grievance"). ECF 32-1 at 36. On April 2, 2021, a jail administrator denied Del Rio's April 1 grievance because Del Rio had not filed a pre-grievance response before filing his grievance. *Id.* On April 3, 2021, Del Rio appealed the response to his April 1 grievance, stating he had now filed a pre-grievance response and asking that his April 1 grievance be reviewed on the merits. *Id.* On April 19, 2021, a nurse denied Del Rio's Level I appeal, concluding his medical records showed he had received adequate treatment for his right hand. *Id.* On April 20, 2021, Del Rio submitted a Level II appeal, arguing the nurse's analysis of his medical records made no sense. *Id.* On April 25, 2021, a jail official denied Del Rio's Level II appeal, stating "I have reviewed your grievance and agree with the answers you have been provided." *Id.* at 37. Thus, Del Rio has provided evidence he fully exhausted his April 1 grievance by completing all four steps of the LaPorte County Jail's grievance procedure.

In their summary judgment motion, the defendants do not dispute that Del Rio submitted and fully exhausted his April 1 grievance. Instead, they argue his April 1 grievance was untimely because he submitted it more than 18 months after his first encounter with medical staff and nearly a year after he had been sent out to a specialist. ECF 55-1 at 3. But "a procedural shortcoming like failing to follow the prison's time

4

deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming." *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005). Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense. *See id.*; *see also Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) ( "[W]hen a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action."); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (stating that by deciding prisoner's grievance without invoking a forfeiture doctrine, the Administrative Review Board established that the prisoner exhausted his state remedies).

Here, because the prison officials addressed Del Rio's April 1 grievance on the merits and did not reject it as untimely, the defendants cannot now argue the grievance was untimely. The evidence provided by Del Rio shows he completed each step of the LaPorte County Jail's grievance procedure by submitting a pre-grievance response, formal grievance, Level I appeal, and Level II appeal. While it appears Del Rio filed these documents out of order and outside of the applicable time frame, the jail did not rely on those procedural shortcomings in rejecting the grievance but rather addressed the grievance on its merits by concluding Del Rio received adequate medical care for his hand. Therefore, the defendants cannot now rely on those procedural shortcomings to show Del Rio did not exhaust his administrative remedies. *See Conyers*, 416 F.3d at 585.

5

Accordingly, because the undisputed facts show Del Rio fully exhausted his April 1 grievance, the defendants have not met their burden to show Del Rio did not exhaust his administrative remedies before filing this lawsuit.

For these reasons, the court DENIES the defendants' summary judgment motion (ECF 54).

SO ORDERED on September 5, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT