UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GYLE DEL RIO,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>MELISSA EDSON, et al.,<br><br>　　　　　Defendants. | CAUSE NO. 3:21-CV-467-SJF |

OPINION AND ORDER

Gyle Del Rio, a prisoner without a lawyer, is proceeding in this case against Nurse Melissa Edson, Nurse Sandra Allen, Nurse Alicia Wilson, Nurse Mary Shephard, Nurse Christina Miller, Nurse Mary Montgomery, Nurse Sabrina Dini, Nurse Cheryl Strahle, and Nurse Stephenie Jones (the "Medical Defendants") along with Deputy Minich and Deputy Burnhardt (the "Jail Defendants") on one claim "in their individual capacities for compensatory and punitive damages for denying Gyle Del Rio constitutionally adequate medical care by ignoring his complaints of pain and disfigurement related to his right hand from October 14, 2019, to June 2, 2020, in violation of the Fourteenth Amendment[.]" ECF 34 at 7. The defendants filed a motion for summary judgment. ECF 169, 170, 176, 177. Del Rio filed a response. ECF 190. The defendants have not yet filed a reply, but the court concludes it can move forward and rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is whether the defendant "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

In the Eighth Amendment context, the Seventh Circuit has noted that, "[a]s a general matter, a nurse can, and indeed must, defer to a treating physician's

2

instructions." *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 485 (7th Cir. 2022). But such deference cannot be "blind or unthinking": in situations where a doctor's orders pose a clear risk of harm to a patient, nurses have an ethical duty to "take appropriate action ... by discussing the[ir] ... concerns with the treating physician or by contacting a responsible administrator or higher authority." *Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010) (citation omitted). Their failure to do so does not per se violate the Eighth Amendment, but it can be relevant to determining whether they were deliberately indifferent to a prisoner's serious medical issue. *Id.* "Nurses, like physicians, may thus be held liable for deliberate indifference where they knowingly disregard a risk to an inmate's health." *Perez v. Fenoglio*, 792 F.3d 768, 779 (7th Cir. 2015) (citation omitted).

The parties provide evidence showing the following facts: On October 15, 2019, Nurse Edson performed an initial medical intake assessment of Del Rio shortly after his arrival at the LaPorte County Jail. ECF 170-13 at 11. Del Rio reported pain and swelling in both hands, and reported to Nurse Edson his right hand was fractured a year ago and never healed correctly. *Id.* Nurse Edson noted an abrasion to the top of the right fourth digit, along with swelling and bruising on the inner palm of the left hand. *Id.* Nurse Edson contacted Dr. Tchaptchet and notified him of her assessment, and Dr. Tchaptchet issued a verbal order for Del Rio to receive ibuprofen and x-rays of both hands. *Id.* Nurse Wilson made an appointment for Del Rio to be assessed by the on-site physician once the results from his x-ray came back. *Id.* at 8.

On October 23, 2019, Del Rio informed Nurse Allen he was still having pain in his wrist and had yet to see the doctor. ECF 170-13 at 11. Nurse Allen reviewed the x-

3

ray results, which returned normal, and contacted Dr. Tchaptchet who issued no new orders and indicated the condition would continue to be monitored. *Id.* Nurse Allen noted a new order had already been entered that day for ibuprofen, which would provide relief for the report of hand pain. *Id.*; ECF 170-3 at 2.

After Del Rio's x-ray in October 2019, he did not submit any healthcare request forms seeking treatment for his hand for several months, but rather discussed his hand pain with the Medical Defendants during "med pass." ECF 170-12 at 9. Specifically, Del Rio regularly notified the nurses of his hand pain while he was waiting in line with other inmates to receive his medications. *Id.* at 8.

On January 11, 2020, Nurse Montgomery spoke with Del Rio during med pass and noted he reported his ongoing hand pain was starting to "hurt me pretty bad." ECF 170-13 at 12. She contacted Dr. Tchaptchet, who issued an order for Tylenol. *Id.*

On March 20, 2020, Nurse Montgomery noted Del Rio complained of hand pain and requested to see a doctor, and scheduled him for a visit with Dr. Tchaptchet regarding his complaints of ongoing hand pain. ECF 170-13 at 9-10; ECF 170-8 at 2. However, Dr. Tchaptchet noted Del Rio refused to attend the appointment. *Id.*

On April 16, 2020, Nurse Montgomery saw Del Rio at med pass and noted he complained of increased hand pain. ECF 170-13 at 12; ECF 170-8 at 2. He reported his ace wrap wasn't helping anymore and he couldn't move his hand without shooting pain. *Id.* Nurse Montgomery contacted Dr. Tchaptchet, who indicated Del Rio should be referred to an orthopedic specialist. *Id.* Nurse Montgomery notified the on-site administrator of Dr. Tchaptchet's order. *Id.*

4

On May 7, 2020, Del Rio had a consultation with an off-site orthopedic specialist. ECF 170-8 at 4; ECF 190-1 at 14. The off-site physician diagnosed him with a fracture/dislocation of three metacarpals along with tendon and ligament damage. ECF 190-1 at 14; ECF 190-2 at 3. He was referred to an orthopedic surgeon. *Id.*; ECF 170-8 at 4. On May 14, 2020, Del Rio informed Nurse Montgomery he needed additional pain medication, as his hand was hurting and he was awaiting the referral to an off-site specialist. ECF 170-13 at 13; ECF 170-8 at 2-3. Nurse Montgomery contacted Dr. Tchaptchet, who issued an order for ibuprofen. *Id.* On June 2, 2020, Del Rio was assessed by the orthopedic surgeon who recommended reconstructive hand surgery. ECF 170-8 at 4; ECF 190-1 at 17; ECF 190-2 at 7. Del Rio declined surgery at that time and opted to wait, but is currently planning to have surgery on his hand. ECF 190-1 at 18-19; ECF 190-2 at 32; ECF 170-12 at 12-13.

The Medical Defendants argue summary judgment is warranted in their favor because they did not ignore Del Rio's complaints of hand pain but rather consistently checked in on him, contacted Dr. Tchaptchet, and carried out the orders provided by Dr. Tchaptchet including providing pain medication and sending Del Rio for x-rays and to an off-site orthopedist. ECF 177 at 7-10. They argue that, as nurses, they were required to follow the orders of Dr. Tchaptchet and acted reasonably by keeping Dr. Tchaptchet informed of Del Rio's condition and carrying out his orders. *Id.*

In his response, Del Rio concedes Dr. Tchaptchet was the person responsible for misdiagnosing him and writing the orders, but argues the Medical Defendants violated his Fourteenth Amendment rights by continuously ignoring his serious medical needs.

5

ECF 190-1 at 19. Specifically, he argues he regularly complained to the Medical Defendants of his hand pain at "med pass" and they regularly denied him treatment. *Id.* at 8-12, 16.

In her affidavit, Nurse Allen explains that the nurses dispensed medications during med pass twice per day, and their first and primary responsibility was to ensure the accurate and timely distribution of medication. ECF 170-3 at 3. The nurses would sometimes address emergent medical conditions during med pass, but if any inmate presented with a non-emergent medical need the nurse would instruct the patient to submit a healthcare request so his issue could be properly documented and addressed at a sick call assessment. *Id.* at 3-4. The nurses did not have the time or ability to address non-emergent medical needs during med pass while passing out medications to dozens of patients. *Id.*

Here, no reasonable jury could conclude it was objectively unreasonable for the Medical Defendants to decline to treat Del Rio's hand injury during med pass and instead instruct him to submit a written healthcare request to be seen in sick call. Del Rio does not explain why he didn't comply with the Medical Defendants' instructions to submit a healthcare request, but it's undisputed he didn't submit any healthcare requests for several months after his x-ray. And there's no evidence any Medical Defendant ever prevented Del Rio from submitting a healthcare request or denied him adequate treatment when he appeared for a sick call appointment. Accordingly, Del Rio cannot show the defendants violated his Fourteenth Amendment rights by declining to treat him during med pass.

Del Rio also argues the Medical Defendants shouldn't have deferred to Dr. Tchaptchet's treatment decisions but rather should have ensured his diagnosis was "therapeutic" and provided stronger pain medication than Tylenol. ECF 190-1 at 12-14. Here, while it's true that a nurse's deference to a physician's treatment decisions cannot be "blind or unthinking," there's no evidence it was objectively unreasonable for the Medical Defendants to defer to Dr. Tchaptchet's treatment decisions in this instance. Specifically, it's undisputed the Medical Defendants regularly assessed Del Rio's condition, communicated that condition to Dr. Tchaptchet, and carried out Dr. Tchaptchet's orders to send Del Rio for x-rays (which came back negative), provide pain medications including Tylenol and ibuprofen, and send him to an orthopedic specialist and orthopedic surgeon. There's no evidence the Medical Defendants knew or should have known that Dr. Tchaptchet's orders posed a "clear risk of harm" to Del Rio, particularly as his x-ray results came back negative for any fractures and he was regularly receiving pain medication. Accordingly, based on the evidence in the record, no reasonable jury could conclude the Medical Defendants violated Del Rio's Fourteenth Amendment rights by deferring to the treatment decisions of Dr. Tchaptchet. Summary judgment is therefore warranted in favor of the Medical Defendants.

As for the Jail Defendants, Del Rio provides no evidence refuting their argument that they reasonably deferred to the treatment decisions of medical staff. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference"). Specifically, in his response

7

to the summary judgment motion, Del Rio doesn't address any of the Jail Defendants' alleged conduct or explain what actions they took or failed to take in violation of his Fourteenth Amendment rights. ECF 190. Because it's undisputed the Jail Defendants reasonably deferred to the treatment decisions of medical staff, and Del Rio provides no evidence the Jail Defendants ever interfered with his treatment or otherwise engaged in any objectively unreasonable conduct, no reasonable jury could conclude they violated his Fourteenth Amendment rights. Accordingly, summary judgment is warranted in favor of all defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 176); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Gyle Del Rio and to close this case.

SO ORDERED on October 8, 2024.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge